**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION**

**JOHNNIE R. REESE**                                                                                **PLAINTIFF**

**V.**                       **CASE NO. 3:14-CV-121-BD**

**SOCIAL SECURITY ADMINSTRATION**                           **DEFENDANT**

**ORDER**

Christina B. Vinson, counsel for Plaintiff Johnnie R. Reese, has moved for an award of attorneys' fees under 42 U.S.C. § 406(b). (Doc. No. 28) In his response to the motion, the Commissioner points out that he is not a true party in interest, but rather, is more akin to a "trustee for the claimants." (Doc. No. 30 at p. 1 (citing *Gisbrecht v. Barnhart*, 535 U.S. 789, 798 n.6 (2002)) Neither Mr. Reese nor his children have responded to the motion.

**I.**     **Procedural History:**

Mr. Reese and his attorney entered into an agreement that provides that his attorneys would be entitled to a contingent fee of no more than 25% of all past-due benefits. (Doc. No. 28-1) Counsel filed a complaint appealing the Commissioner's denial of benefits in May, 2014. The Court held oral argument in April, 2015 and remanded the case to the Commissioner because of an irreconcilable inconsistency between the residual functional capacity determined by the Administrative Law Judge and the reasoning level required for the two jobs identified by the vocational expert. (Doc. No. 22)

Mr. Reese's counsel filed a motion for attorneys' fees under the Equal Access to Justice Act (EAJA), which the Commissioner did not oppose, and the Court awarded attorney's fees under the EAJA in the amount of $8,500.00. (Doc. Nos. 25, 26, and 27)

Over five years after the Court remanded the case, the Commissioner awarded Mr. Reese and his children past-due benefits of over $70,000.00. (Doc. No. 28-2) The Commissioner withheld $23,813.00 from the awards to Mr. Reese and his children to pay Mr. Reese's representative. (Doc. No. 28-2) Counsel for Mr. Reese timely filed a motion seeking additional fees in the amount of $15,313.00 under the contingency-fee agreement, which represents the remainder of the $23,813.00 after subtracting the $8,500.00 counsel already received under the EAJA. (Doc. No. 28)

The Commissioner has responded and does not object to the award of fees under the contingency-fee agreement but asks the Court to review the fee request to determine whether it is reasonable. (Doc. No. 30)

## II. Discussion:

The Commissioner does not dispute that counsel's motion was timely. (Doc. No. 30 at p. 2) Further, the Commissioner agrees that, under *Gisbrecht v. Barnhart*, 535 U.S. 789 (2002), the Court must consider whether the requested fee award complies with the requirements of 42 U.S.C. § 406(b) and is reasonable under the circumstances. *Gisbrecht*, 535 U.S. at 808.

Under § 406(b), the contingency-fee must not exceed twenty-five percent of the past-due benefits. Here, Mr. Reese agreed to "pay his attorney a fee for Federal Court

work equal to 25% of the past-due benefits" in compliance with the statute. (Doc. No. 28-1 at p. 1)

When considering the reasonableness of a fee award involving a contingency-fee agreement, the Court must consider: the character of the representation and the results achieved; whether the attorney caused any delay in the progress of the case; and whether the award would result in a windfall to the attorney, *i.e.*, a large award of benefits weighed against the time the plaintiff's attorney spent on the case. *Id.*

Here, Mr. Reese's counsel submitted itemized statements reflecting that three attorneys worked a total of 46 hours on Mr. Reese's case at the judicial review level, including briefing and oral argument. (Doc. Nos. 25-2, 25-3, and 25-4)

Because the Commissioner initially denied Mr. Reese's claim, there would have been no award without judicial review. After filing the case in 2014, counsel bore the risk that she would not win an award for her client. After remand, an award was again uncertain; but counsel was ultimately successful in June 2020, when Mr. Reese and his children were notified that they were entitled to an award of benefits.

It does not appear that counsel caused any delay in the proceedings, and all attorneys who represented Mr. Reese were experienced in representing Social Security claimants.

Balancing the Court's duty to protect the claimant with awarding a fee that is substantial enough to encourage attorneys to accept Social Security cases, the Court concludes that a fee of $23,813.00 is reasonable. See *e.g. Mitchell v. Astrue*, No. 4:08CV3230, 2010 WL 1438985 at 2 (D. Neb. 2010) (awarding fees which resulted in an

hourly rate of over $500); *Whitehead v. Barnhart*, 2006 WL 910004 (W.D. Mo. 2006) (awarding counsel fees resulting in an hourly rate of over $360).

### III. Conclusion:

The motion for attorney's fees under 42 U.S.C. § 406(b) (Doc. No. 28) is GRANTED. The Commissioner shall certify and pay to Ms. Christina B. Vinson, attorney for Mr. Reese, $23,813.00 under 42 U.S.C. § 406(b). Ms. Vinson shall immediately refund the $8,500.00 awarded to her under the EAJA to Mr. Reese.

IT IS SO ORDERED this 15th day July, 2020.

_____
UNITED STATES MAGISTRATE JUDGE